**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WILLIAM MCGHEE,

     Plaintiff,

v.                                       No. CIV 11-0640 JH/WDS

ROBERT ULIBARRI, FORMER WARDEN;
MAJOR ANDREW SWEENEY;
MIKE SANCHEZ, STG/STIU SUPERVISOR;
PSYCHOLOGIST JOE SHIVERS;
PSYCHOLOGIST ANITA DOE;
MAILROOM WORKER ANGEL DOE;
JOE GARCIA, WARDEN,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and supplemental civil rights complaints (Docs. 1, 6) (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

     The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In

reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's original complaint asserts claims relating to alleged interference with his incoming and outgoing mail. Plaintiff alleges that Defendants Sweeney and Mike Sanchez, who are part of a security-investigation unit, opened Plaintiff's incoming and outgoing mail, photocopied certain correspondence, and circulated the photocopies. Defendant Anita Doe witnessed Sweeney's acts. Defendants Shivers and Anita Doe learned the contents of the correspondence and advised Plaintiff not to send out letters expressing his ideas about stock market investments. Certain Defendants also allegedly violated Plaintiff's due process rights by failing to report the wrongful acts to supervisors or launch an investigation.

The original complaint fails to state claims against Defendants other than Sweeney and Mike Sanchez. Plaintiff alleges that these two Defendants opened, read, and photocopied items of his incoming and outgoing mail, presumably without a legitimate penological justification. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Jolivet v. Deland*, 966 F.2d 573, 576 (10th Cir. 1992). They showed some of these items to other prison staff. Defendants Shivers and Anita Doe allegedly heard the contents of the items and advised Plaintiff not to write letters about stock market investments. The allegation that Shivers and Anita Doe heard other people's conversations and commented to Plaintiff does not demonstrate their personal involvement in the asserted constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Because Plaintiff does not allege that Shivers and Anita Doe opened or read the letters, the complaint fails to implicate them in the deprivation. *See Jolivet v. Deland*, 966 F.2d at 576; *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990).

The original complaint also alleges that certain Defendants failed to report or investigate

wrongdoing in the mailroom.  Plaintiff contends that he had a liberty interest created by corrections department regulations requiring officers to report misconduct.  The officers' failure to report misconduct thus violated his due process rights.  "State policies or regulations will not create the basis for a liberty interest in the conditions of confinement so long as they do not 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Dimarco v. Wyoming Dep't Of Corr.*, 473 F.3d 1334, 1339 (10th Cir. 2007) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  "[T]he touchstone of the due process inquiry is not the precise language of a state's regulations . . . but "the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.' " *Dimarco*, 473 F.3d at 1340 (citations omitted).  Here, Plaintiff's allegations of Defendants' failure to investigate "d[o] not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486.  The Court will therefore dismiss Plaintiff's claims in the original complaint against named Defendants other than Sweeney and Sanchez.

Plaintiff's supplemental complaint (Doc. 6) appears to consist of ten Counts arising from alleged mistreatment of his medical/mental condition.  In paragraphs 22-59, Plaintiff sets out his main factual allegations under the heading "Campaign of Retaliation."  After a state judge appointed a mental health treatment guardian for Plaintiff, Defendants placed him in mental health segregation without due process.  Defendants Saur and Hurwitz then allegedly administered psychotropic medications to Plaintiff, against his will and without consulting his treatment guardian.  He was poisoned by caustic fluids placed in his food, allegedly on orders from Corrections Department counsel in retaliation for Plaintiff's litigation activities.  He was prevented from taking notes during hearings, and he also alleges that his grievances were denied or ignored and no one has investigated his allegations.

Plaintiff alleges that Defendants placed him in mental health segregation without a hearing. This allegation does not support a due process claim because he does not complain about the actual conditions of his segregation.  In this context, as in the original complaint, a due process claim must "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486 (rejecting claim where solitary conditions "mirrored those conditions . . . in administrative segregation").  "The Supreme Court has rejected the notion that 'any change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause.' " *Scott v. Crowley County Corr. Facility*, 76 F. App'x 878, 880 (10th Cir. 2003) (quoting *Meachum v. Fano*, 427 U.S. 215, 224 (1976)).  Under the rule announced in *Sandin* and its progeny, this due process claim will be dismissed.

Likewise, Plaintiff's allegations that certain Defendants poisoned him do not state a plausible claim for relief.  An allegation of this kind must be "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In the first place, Plaintiff bases this claim exclusively "on information and belief," making no allegation that he observed the poisoning or suffered symptoms therefrom.  Claims that are "supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Furthermore, his allegation that Corrections Department counsel (Defendant Haught) ordered Defendant Morgan to poison him is implausible, *see Twombly*, 550 U.S. at 570, and is also based only on "information and belief."  The complaint fails to plead "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the [poisoning] alleged." *Silver v. Glass*, No. 11-2153, 2012 WL 130706, at *5 (10th Cir. Jan. 18, 2012) (citing *Iqbal*, 129 S. Ct. at 1949).

In addition, Plaintiff's allegation that Defendant De La Torre prevented him from taking notes

4

during hearings is presumably a claim of denial of access to the courts. The inability to take notes, however, does not support a conclusion "that he was deprived of the opportunity to present a nonfrivolous legal claim." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010). Plaintiff's claim based on these allegations will be dismissed.

As noted above, Plaintiff's allegations that Defendants Romero, LeMaster, and Dorsey failed to report or investigate wrongdoing do not state a claim for relief. *See Dimarco*, 473 F.3d at 1339-40. Likewise, no claim is stated by allegations that Defendants denied or ignored his grievances. "[T]here is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011). "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'" *Rauh vs. Ward*, 112 F. App'x 692, 694 (10th Cir. 2004) (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Nor "can [officials] be considered deliberately indifferent simply because they failed to respond directly to the [post-deprivation] complaints of a prisoner." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). The Court will dismiss Plaintiff's claims of failure to investigate or respond to grievances.

Last, the complaint alleges that Defendant John Sanchez was present when psychotropic drugs were administered. This allegation fails to affirmatively link Sanchez to the asserted violation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the

actions of co-workers.  *See id.*  The Court will dismiss Plaintiff's claim against Defendant John Sanchez.

IT IS THEREFORE ORDERED that the Clerk is directed to add to the docket the following Defendants named in the supplemental complaint: Tim LeMaster, Former Deputy Secretary of Operations; Donald Dorsey, Former Director of Adult Prisons; Anthony Romero, Former Warden Central New Mexico Correctional Facility ("CNMCF"); Teracina Morgan, Guard CNMCF; Nathan Hurwitz, Psychiatrist; Carol Saur, Psychiatrist; John Sanchez, Former Unit Manager, CNMCF; Karla Jenelle Haught, Attorney; and Mike De La Torre, Guard;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Ulibarri, Shivers, Anita Doe, Angel Doe, Garcia, LeMaster, Dorsey, Romero, Morgan, John Sanchez, Haught, and De La Torre are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1, 6) and this Order, for Defendants Sweeney and Mike Sanchez on the claim of interference with mail, and for Saur and Hurwitz on the claim of involuntary medication.

UNITED STATES DISTRICT JUDGE