IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

Plaintiff,

v.                              No. 1:11-cv-00640 JCH/WDS

ANDREW SWEENEY, MIKE SANCHEZ,
NATHAN HURWITZ, and CAROL SAUR,

Defendants.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This matter is before the Court on the Motion to Dismiss (Doc. No. 18) filed by Defendants Andrew Sweeney and Mike Sanchez. Plaintiff has filed a Response in opposition to the motion. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the motion should be denied. The Court makes the following findings and recommended disposition.

Moving Defendants seek dismissal of Plaintiff's case under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants characterize Plaintiff's Complaint as one in which he alleges that he has been denied constitutional rights by the opening of his mail. Defendants claim that Plaintiff has alleged that "Sweeney and Sanchez 'hindered' Plaintiff's mail in an unspecified fashion." Defendants allege that Plaintiff has failed to state in his complaint why the usual justifications for opening or inspecting prisoner mail do not apply, citing *Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010):

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

> When every prison places legitimate restrictions on prisoner mail, a First Amendment claim of interference with mail ordinarily is not plausible absent factual allegations showing at least that the alleged interference violated prison rules or that the applicable rule was invalid, either generally or in the specific contexts of the claim. Such a First Amendment claim was no more plausible than "an anti-trust claim based solely on allegations of parallel conduct.

*Id*.

In the Court's opinion the moving Defendants have grossly mischaracterized the nature of Plaintiff's complaint. Plaintiff is not complaining that his mail is opened and screened, in fact he acknowledges that such screening has occurred and will continue to occur. Plaintiff's objection is that whoever is doing the screening is not keeping the contents of his personal mail confidential. Plaintiff specifically alleges in his complaint that in screening his personal mail, Defendant Sweeney read Plaintiff's private opinions on investments in the stock market. Plaintiff alleges that Sweeney photocopied, disseminated, and discussed that information with prison staff and possibly other inmates, and that he did so not with a legitimate penological justification but for his personal entertainment. Plaintiff also alleges that Defendants destroyed or delayed mail, and opened legal mail.

For the same reasons set forth in the April 4, 2012 Memorandum Opinion and Order, which found that Plaintiff's Complaint did state a viable cause of action against Defendants Sweeney and Sanchez, the Court recommends that Defendants' Motion to Dismiss (Doc. No. 18) be DENIED.

                                                    **W. DANIEL SCHNEIDER**
                                                    **United States Magistrate Judge**