**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM MCGHEE,

    Plaintiff,

v.   No. 1:11-cv-00640 JCH/WDS

ANDREW SWEENEY, MIKE SANCHEZ,
NATHAN HURWITZ, and CAROL SAUR,

    Defendants.

**ORDER DENYING IN PART DEFENDANTS'**
**MOTIONS TO STRIKE LETTERS**

This matter is before the Court on Defendants' Motions to Strike Letters. (Doc. 42 and 50) The Court has reviewed and considered the Motions, Plaintiff's Responses, and the reply brief filed by Defendants. Defendants baldly state that the documents in question are "*ex parte*" communications, apparently because they are letters that provide information to the Court, but seek no relief. Defendants cite *Kaufman v. American Family Mutual Ins. Co.*, 601 F.3d 1088, 1095 (10th Cir. 2010) for the proposition that *ex parte* communications are "fraught with peril" that might compromise the impartiality of the Court.

The alleged *ex parte* communication at issue in *Kaufman* was a defense attorney's telephone call to the judge's clerk. Plaintiff's counsel did not participate in the call, nor was he given notice that the call would be made, at least not before it was made. The telephone call, technically, was an *ex parte* communication because it was communication between the court and one party to a lawsuit, without the participation of, or notice to, the other side. The letters in question were mailed by Plaintiff to defendants' counsel, and were also posted on the docket. The Court does not see how they qualify as an *ex parte* communication, and will not strike them on that ground. The Court agrees, however, that the letters serve no purpose, and the Plaintiff is directed to cease and desist

from sending similar letters to the Court in the future.

WHEREFORE, Defendants' Motions to Strike Letters.  (Doc. 42 and 50) are denied.

_____
W. Daniel Schneider
United States Magistrate Judge