IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

    Plaintiff,

v.  No. CIV 11-0640 JH/ACT

MAJOR ANDREW SWEENEY;
MIKE SANCHEZ,
CAROL SAUR,
NATHAN HURWITZ,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on two motions filed by Plaintiff (Docs. 22, 48) for relief from a prior order (Doc. 8). Plaintiff asserts that he brings his motions under rule 60 of the Federal Rules of Civil Procedure. In the order, the Court dismissed certain of Plaintiff's claims in his original and amended complaints, and directed issuance of waivers of service of process for four Defendants. The order was therefore not a final order, and a "motion to reconsider the district court's non-final order 'was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.' " *Guttman v. New Mexico*, 325 F. App'x 687, 690 (10th Cir. 2009) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991)). The Court considers Plaintiff's motions according to the statement in *Guttman*.

    Plaintiff asserts two categories of error in the earlier order. In his first motion, he contends that the Court erred in dismissing his claim of placement in mental health segregation without a due process hearing. Plaintiff now alleges that the state court held a hearing on Plaintiff's mental health treatment, but he asserts that the hearing did not comply with due process. The Court dismissed Plaintiff's segregation claim under the rule in *Sandin v. Conner*, 515 U.S. 472 (1995), that a due

process claim for segregation must "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. Plaintiff now argues that resolution of this claim is governed by standards announced in *Vitek v. Jones*, 445 U.S. 480 (1980). He concedes, however, that he was represented by counsel at the hearing, and thus, even under the pre-*Sandin* standards announced in *Vitek*, he was afforded abundant due process. No relief is available on the first motion.

In the second motion, Plaintiff contends that the Court erred in dismissing his claims against certain Defendants. He seeks reinstatement of his claims against Defendants Ulibarri, Shivers, LeMaster, Dorsey, and Romero. Plaintiff argues that Defendants Ulibarri and Shivers violated his liberty interest by failing to launch investigations of irregularities in the prison mailroom and violations of department policies. As to Defendants LeMaster, Dorsey, and Romero, Plaintiff simply disagrees with the Court's analysis of his claims against them. Also, in text (Doc. 48 p. 6), he argues that "[Defendant] Garcia should be brought back in . . . if injunctive relief claims are returned." The Court has reviewed Plaintiff's complaints and motions, the analysis in the prior order, and applicable law regarding due process and supervisory liability, *see, e.g., Von Hallcy v. Bartsch*, No. 12-1381, slip ord. (10th Cir. Mar. 27, 2013), and concludes that the motion does not present grounds for setting aside the dismissal of Plaintiff's claims against these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's motions for relief from an earlier order (Docs. 22, 48) are DENIED.

_____
UNITED STATES DISTRICT JUDGE