IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

      Plaintiff,

v.                                                              CV 11-0640 JCH/WPL

ANDREW SWEENEY, et al.,

      Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before me on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"). (Doc. 100.) McGhee filed objections (Doc. 101) and an addendum to the objections (Doc. 102). Hurwitz and Saur ("Medical Defendants") responded to both documents. (Docs. 103, 104.). The PFRD recommended dismissing McGhee's claims against Sweeney and Sanchez ("Corrections Defendants") without prejudice, dismissing McGhee's claims against the Medical Defendants with prejudice, granting summary judgment in favor of the remaining Defendants, and denying McGhee's motion to compel (Doc. 94) as moot. McGhee made several objections. Having conducted a de novo review, I find the objections to be without merit for the following reasons.

McGhee's continued request for appointed counsel is, again, denied. There is no Sixth Amendment right to appointed counsel in a civil proceeding. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988) (collecting cases). The Magistrate Judges in this case have denied McGhee's request for counsel on two occasions. (Docs. 43, 99.) Both Magistrate Judges found that McGhee understood the issues in the case and could represent himself in an intelligent and

capable manner. (Docs. 43, 99.) Based on a review of the record and McGhee's objections to the PFRD, I find that McGhee continues to understand the issues and has represented himself in an intelligent and capable manner. McGhee presents no new evidence suggesting that the interests of justice require the appointment of counsel at this time.

McGhee's first "objection" alleges that Magistrate Judge Lynch engaged in a conspiracy to inject McGhee with drugs. To the extent that this is a legal or factual argument, this is the first time McGhee has raised such a claim. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Because McGhee never raised this "issue" before the objections, this objection is waived.

Next, McGhee argues that his due process rights have been violated because Judge Lynch denied his request for a transcript of the telephonic conference held before Magistrate Judge Torgerson in November 2013. (*See* Doc. 90.) Telephonic conferences tend to involve informal, off-the-record conversations between the parties and the court. *See, e.g.*, *Jones v. Courtney*, No. 04-3255-JWL, 2012 WL 5985454, *1 (D. Kan. Nov. 29, 2012) (unpublished) (noting that telephonic status conference was informal and off the record). It appears that this conference was off the record, and therefore, no recording exists. Further, as noted in the order denying McGhee's motion for a transcript (Doc. 90), McGhee has already received a copy of the clerk's minutes and the orders that came out of the status conference (*see* Doc. 72). The Magistrate Judge therefore resolved this issue. The objection has no merit.

McGhee next argues that he has a "due process right to [the] grievance file[s]," ordered by Judge Torgerson as part of the *Martinez* report (*see* Doc. 73 at 3-4), "under FRCP 15(b)" (Doc. 101 at 3). Though styled as a due process argument, this is in fact a response to the

*Martinez* reports filed by the Medical Defendants (Doc. 77) and the Corrections Defendants (Doc. 78). Pursuant to Judge Torgerson's order, McGhee had forty-five days from the service of the *Martinez* reports to respond to them. (Doc. 73.) Both reports were filed on February 14, 2014. McGhee's responses were due by March 31, 2014. None were filed. Magistrate Judge Lynch *sua sponte* granted McGhee until May 23, 2014, to file his response. (Doc. 92.) Further, Judge Lynch cautioned McGhee that if he did not file a response by the May 23 deadline, that his failure to respond would be "construed as consent to grant Defendants' requests for summary judgment." (*Id.*)

McGhee failed to file a response to the *Martinez* reports. He did, however, file a "Motion to Compel Documents," including the grievance files, that was signed on May 27, 2014. (*See* Doc. 94 at 12-13.) The Court extended significant latitude to McGhee in light of his pro se status, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but McGhee failed to timely respond to the Defendants' *Martinez* reports. McGhee failed to raise this issue at any point before the objections to the PFRD. Therefore, this objection is waived. *See Marshall*, 75 F.3d at 1426.

Finally, McGhee objects to the portion of the PFRD finding McGhee was afforded constitutionally sufficient substantive and procedural due process protections during the state court proceedings that resulted in the appointment of a treatment guardian and the subsequent administration of antipsychotic medication against McGhee's wishes. (Doc. 100 at 14-19.) It appears that McGhee's objection is to Magistrate Judge Lynch's use of legal authority from outside the Tenth Circuit in the PFRD. While cases from outside the Circuit are not binding in the geographical confines of the Circuit, or within the confines of the District of New Mexico, "they are persuasive and entitled to great weight." *Grimland v. United States*, 206 F.2d 599, 601 (10th Cir. 1953) (collecting cases from other circuits citing the same proposition). No Tenth

Circuit or Supreme Court precedent exists that is directly on point for what level of process is due when appointing a treatment guardian and administering antipsychotic medication against the wishes of an adult inmate, therefore, it was appropriate for the Magistrate Judge to cite authority from outside the Circuit.

McGhee cites *New Mexico Dep't of Health v. Compton*, 34 P.3d 593 (N.M. 2001), for the proposition that he was not afforded due process during the appointment of a treatment guardian. *Compton* analyzes the hearing deadline component of NMSA § 43-1-15, which governs the involuntary administration of psychotropic medications to adults in New Mexico. The case has no bearing on the due process analysis conducted in the PFRD. Accordingly, this objection is without merit.

Ten days after filing his objections to the PFRD, McGhee filed an addendum to those objections. (Doc. 102.) He argues that the Defendants have engaged in willful bad faith during discovery. As above, this is the first time such an issue has been raised. Because it was raised for the first in the objections to the PFRD, it is deemed waived. *Marshall*, 75 F.3d at 1426.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 100) are adopted by the Court;

2) the claims against the Corrections Defendants are dismissed without prejudice;

3) the claims against the Medical Defendants are dismissed with prejudice;

4) summary judgment is GRANTED in favor of the remaining Defendants; and

5) McGhee's motion to compel (Doc. 94) is dismissed as moot.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE